STATE OF CONNECTICUT *v.* ANONYMOUS (1978–2)*

SUPERIOR COURT

JOHN F. SHEA, JR., J. The defendant has moved to dismiss charges of unlawful restraint in the first

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

degree and assault in the third degree. The defendant claims that the affidavit in support of the application for the bench warrant under which he was arrested failed to allege that the person whose statement was relied on was known to the affiant, a police officer, as a reliable source of information. Also, it is alleged that no independent verification of facts was relied on by the affiant.

The affidavit in question relies on statements made by an alleged victim who identified both herself and the defendant. The victim related the details of an assault and unlawful restraint which allegedly lasted for a period of several days. The alleged victim set forth in detail the place where the alleged unlawful restraint took place and the nature of the assault. There was a considerable delay between the time of the acts complained of and the victim's report of those acts to the police. The complainant, however, indicated a fear of the defendant based on an alleged threat that he would have her killed if she went to the authorities.

In alleging a deprivation of constitutional rights guaranteed him by the fourth amendment, the defendant relies on the cases of *Jones* v. *United States,* 362 U.S. 257, and *Aguilar* v. *Texas,* 378 U.S. 108. Those cases, however, can easily be distinguished from the case at hand. Both in *Aguilar* and in *Jones* the court was concerned with affidavits supporting applications for search warrants where reliance was placed on unnamed police informants. In those cases the court held that there must be some disclosure in the affidavit of the underlying circumstances from which the affiant concluded that the informant was credible or that his information was reliable. A different situation exists when the person relied on by the affiant was an actual victim and eyewitness of the crime.

The defendant also relies on the decision in *State* v. *Anonymous (1973–8)*, 30 Conn. Sup. 584. That case is also easily distinguishable from the case at hand. In *State* v. *Anonymous (1973–8)* the court was concerned with a complaint from an alleged victim who did not see his attacker at the time of the offense. The affidavit was devoid of any reference as to how the victim gained information as to the identity of the attacker.

Where an affiant is relying on the statements of an alleged victim and eyewitness to a crime, a different situation in regard to credibility and reliability is presented. In *McCreary* v. *Sigler,* 406 F.2d 1264, 1269 (8th Cir.), the court held as follows: "Probable cause for an arrest may exist where an unknown citizen makes complaints, as a victim or eyewitness to a crime, where the underlying circumstances demonstrate his first-hand personal knowledge." See *United States* v. *Easter,* 552 F.2d 230 (8th Cir.).

The basic test which must be met in the issuance of any warrant for a search or for an arrest is the establishment of probable cause. Where the complainant is an actual victim and eyewitness of the crime and makes full identification of the defendant and there is an absence of circumstances materially impeaching the victim's report, a finding of probable cause is justified. The motion to dismiss is denied.